WR-82,772-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/13/2015 8:35:28 AM
Accepted 2/13/2015 9:00:57 AM
ABEL ACOSTA
CLERK

Nos. 82,772-01, 82,772-01 and 82,772-03

RECEIVED
COURT OF CRIMINAL APPEALS
2/13/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF CRIMINAL |
| | § | |
| DONALD LEE GRAY | § | APPEALS OF TEXAS |

---

## BRIEF OF APPLICANT

---

To the Honorable Judges of the Court of Criminal Appeals:

In 2006, Donald Lee Gray was convicted of three violations of Texas Penal Code § 21.15, Improper Photography, which has since been held unconstitutional by this Court. He respectfully asks the Court to vacate his convictions.

## IDENTITY OF ALL PARTIES AND COUNSEL

**Petitioner:**

Mr. Donald Lee Gray
Former inmate no. 1460267
Tyler, TX
c/o Mr. Volberding

Mr. James W. Volberding                    Attorney for habeas
First Place
100 E. Ferguson Street
Suite 500
Tyler, TX 75702
(903) 597-6622
(866) 398-6883 (fax)
*Jamesvolberding@gmail.com*

**Respondent**:

Hon. Mr. Matt Bingham
Hon. Mr. Mike West
Smith County District Attorney
101 N. Broadway, Fourth Floor
Tyler, TX 75702

**District Court** :

Hon. Judge Jack Skeen, Jr.
241st District Court
Courthouse
101 N. Broadway, 2nd Floor
Tyler, TX 75702

# CONTENTS

Identity of All Parties and Counsel............................................................ ii

Authorities........................................................................................iv

Statement of Jurisdiction ..................................................................1

Statement of the Case.........................................................................1

Ground for Habeas Corpus Relief ..........................................................3

    Donald Lee Gray was convicted of violation of Texas Penal Code §
    21.15(b)(1), which on its face violates the First Amendment to the
    U.S. Constitution and has been held so by the Court of Criminal
    Appeals. ...................................................................................3

    I.  Penal Code section 21.15(b)(1) has been held unconstitutional by
    the Court of Criminal Appeals. ...............................................3

    II.  Mr. Gray was convicted of section 21.15(b)(1) violations and is
    therefore entitled to habeas relief. ..........................................6

    III. The record in this application is sufficient for the Court to vacate
    the convictions. .....................................................................7

    IV. Alternatively, Gray requests dismissal without prejudice to re-
    filing, or remand to consider affidavit and testimony..........................13

Conclusion ...............................................................................14

Relief...................................................**Error! Bookmark not defined.**

# AUTHORITIES

## CASES

*Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014)..............7, 9, 10

*Ex parte Hargett,* 819 S.W.2d 866 (Tex. Crim. App. 1991) ...............11, 12

*Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010) ...............10

*Ex parte Thompson,* 442 S.W.3d 325, 2014 Tex. Crim. App. LEXIS 969 (Tex. Crim. App. Sept. 17, 2014). .................................................4, 5, 9

*Shohreh v. State,* 2014 Tex. App. LEXIS 12216 (Tex. App. -- Dallas Nov. 10, 2014, no pet.) ...............................................................................6, 10

*Villanueva v. State*, 252 S.W.3d 391 (Tex. Crim. App. 2008) .................13

## CONSTITUTION

Tex. Const., Art. V, § 8 ……….....……………………………… passim

## STATUTES

Tex. Code Crim. Proc., Art. 11.07 (2014) ……...………………… passim

Tex. Penal Code § 21.15 (2014) …...…………………………… passim

## STATEMENT OF JURISDICTION

Gray's application was submitted pursuant to Texas Constitution, Article V, § 8 (amended application), and article 11.07 of the Texas Code of Criminal Procedure (original and amended application).

## STATEMENT OF THE CASE

Mr. Gray was indicted in Tyler November 15, 2006, in cause numbers 241-2620-06, 241-2621-06, 241-2622-06 for violation of Texas Penal Code section 21.15(b)(1), improper photography or visual recording. *See* Exhibit 3, Habeas App.

On September 25, 2007, he pled guilty in each case pursuant to a plea agreement and was sentenced to confinement for one year in a state jail, and ordered to pay court costs of $276 and other fees of $30. *See* Exhibit 4, Habeas App. He did not appeal to the Court of Appeals or the Court of Criminal Appeals.

On December 19, 2014, he filed an 11.07 writ application seeking to vacate his section 21.15 convictions in light of the Court's decision in *Ex parte Thompson*, that the statute facially violated the First Amendment. *See Ex parte Gray*, Habeas Nos. 241-2620-06-A, 241-2621-06-A, 241-2622-06-A (Smith Co. Dist. Crt.).

On January 8, 2015, the State responded, asserting that article 11.07 does not convey jurisdiction for one no longer in custody and arguing that Gray failed to supply a requisite affidavit confirming he is still retrained by his three felony convictions.

On January 12, the court signed proposed findings and conclusions supplied by the State.

On January 15, Gray amended his application to seek relief under article V, section 8 of the Texas Constitution.

On January 20, Gray filed his affidavit explaining how the felony convictions continue to restrain his activities.

On January 22, the district clerk sent the file to the Court.[1]

This is Gray's first habeas action.

---

[1] The January 12 signed F&Cs were not sent to Gray's counsel and were not recorded by the clerk on the docket sheet for several days. Smith County does not possess electronic filing and notification for criminal cases. Consequently, Gray did not learn of the signed F&Cs until after filing his January 20 affidavit, when the Clerk of this Court notified Gray of receipt of the records.

In his application, Gray presents a single ground for relief:

**Donald Lee Gray was convicted of violation of Texas Penal Code § 21.15(b)(1), which on its face violates the First Amendment to the U.S. Constitution and has been held so by the Court of Criminal Appeals.**

I.     **Penal Code section 21.15(b)(1) has been held unconstitutional by the Court of Criminal Appeals.**

In 2001, the Texas Legislature enacted Penal Code section 21.15 to criminalize photographs taken in public to gratify the photographer's sexual desire:

*Improper Photography or Visual Recording*

(a) In this section, "promote" has the meaning assigned by Section 43.21.

(b) A person commits an offense if the person:

(1) photographs or by videotape or other electronic means visually records another:

(A)  without the other person's consent;  and

(B)  with intent to arouse or gratify the sexual desire of any person;  or

(2)  knowing the character and content of the photograph or recording, promotes a photograph or visual recording described by Subdivision (1).

(c) An offense under this section is a state jail felony.

(d) If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section or the other law.

Tex. Pen. Code § 21.15 (2011).

Last year the Court held that section 21.15(b)(1) violates the First Amendment. *Ex parte Thompson,* 442 S.W.3d 325, 2014 Tex. Crim. App. LEXIS 969 (Tex. Crim. App. Sept. 17, 2014).

*Thompson* involved a man charged with 26 counts of improper photography or visual recording under section 21.15(b)(1). Each count alleged that Thompson, "with intent to arouse or gratify the sexual desire of the Defendant, did by electronic means record another . . . at a location that was not a bathroom or private dressing room." *Thompson*, 2014 Tex. Crim. App. LEXIS 969 * 3.

Tracing federal law, the Court "conclude[d] that photographs and visual recordings are inherently expressive," and "that a person's purposeful creation of photographs and visual recordings is entitled to the same First Amendment protection as the photographs and visual recordings themselves." *Thompson*, 2014 Tex. Crim. App. LEXIS 969 * 15, 18. The Court recognized that the government was attempting to prosecute thought crimes: "Banning otherwise protected expression on

4

the basis that it produces sexual arousal or gratification is the regulation of protected thought, and such a regulation is outside the government's power[]." *Thompson*, 2014 Tex. Crim. App. LEXIS 969 * 21 (footnote and quote omitted). The Court rejected the State's insistence that "without consent" be interpreted broadly to remove the statute from First Amendment concern. *Id.* * 28. Consequently, the Court "conclude[d] that the improper-photography statute implicates First Amendment expression on its face." *Id.* * 35.

Having found that section 21.15(b)(1) triggers First Amendment concerns, and that the statute's criminalization is content based, the Court reached for the strict scrutiny standard of review, which the statute fails because "less restrictive alternatives would adequately protect the substantial privacy interests that may sometimes be threatened by nonconsensual photography." *Id.* * 48-49.

Consequently, after a careful critique, the Court held that "to the extent that it proscribes taking photographs and recording visual images, Subsection (b)(1) of the statute is facially unconstitutional in violation of the freedom of speech guarantee of the First Amendment." *Thompson*, 2014 Tex. Crim. App. LEXIS 969 * 1, 53.

5

One intermediate court has so far followed *Thompson*, dismissing a pre-*Thompson* conviction. *Shohreh v. State,* 2014 Tex. App. LEXIS 12216 (Tex. App. -- Dallas Nov. 10, 2014, no pet.).

## II. Mr. Gray was convicted of section 21.15(b)(1) violations and is therefore entitled to habeas relief.

All three of Gray's indictments track the statutory language of section 21.15(b)(1). The indictment in case number 241-2620-06 charged Gray:

> that on or about the 19th day of August, 2006, and anterior to the presentment of this indictment, in the County of Smith and State of Texas, DONALD GRAY did then and there, with intent to arouse or gratify the sexual desire of the defendant, by digital video recorder, visually record another, namely, [B.W.], without the consent of the said [B.W.] . . . .

Similarly, the indictment in case number 241-2621-06 charged:

> that on or about the 19th day of August, 2006, and anterior to the presentment of this indictment, in the County of Smith and State of Texas, DONALD GRAY did then and there, with intent to arouse or gratify the sexual desire of the defendant, by digital video recorder, visually record another, namely, [D.W.], without the consent of the said [D.W.] . . . .

Similarly, the indictment in case number 241-2622-06 charged:

> that on or about the 19th day of August, 2006, and anterior to the presentment of this indictment, in the County of Smith and State of Texas, DONALD GRAY did then and there, with intent to arouse or gratify the sexual desire of the

defendant, by digital video recorder, visually record another, namely, [S.A.], without the consent of the said [S.A.] . . . .

Mr. Gray was not prosecuted for any other offense other than violation of section 21.15(b)(1).

As Gray was prosecuted solely for violation of Penal Code section 21.15(b)(1), now held unconstitutional and therefore unenforceable, Mr. Gray is entitled to habeas relief. The Court has held that his guilty plea and failure to challenge or appeal earlier do not bar relief. *Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014).

### III. The record in this application is sufficient for the Court to vacate the convictions.

In its response, the State argued, and its proposed and signed F&Cs agree, that a habeas applicant cannot vacate his or her felony conviction of a subsequently invalidated penal statute unless the applicant provides an affidavit testifying that he or she continues to suffer some additional restraint, above and beyond the disapprobation of a felony conviction and violation of constitutional rights.

Our research indicates that no such additional proof of continuing restraint is required when the only relief sought is invalidation of a conviction based on a statute previously held to violate the First

7

Amendment on its face. But anyway, after receiving the State's response, Gray filed such an affidavit, explaining how the three convictions continue to retrain him.

**A.    Gray has filed an affidavit attesting to continuing restraints.**

The record contains Gray's affidavit, listing continued restraints created by his three convictions:

- The convictions bar him under federal and state law from owning or possessing a firearm. Consequently, he can no longer hunt, one of the loves of his life.

- He would like to, but cannot, apply for a concealed handgun license for self-protection.

- He served on a jury once, and would like to do so again, but cannot with these convictions.

- He would like to serve on a grand jury, but cannot.

- He would like to travel internationally, but many countries will not issue visas to a convicted felon.

- He has suffered social stigma and suspicion because of the convictions and continues to do so.

- The convictions continue to cause him anxiety and dread with measurable health effects.

*See* Aff. of Mr. Gray (Jan. 20, 2015).

These and scores of other restraints are placed on convicted felons as a matter of law. Gray urges the Court to hold that felony convictions

impose restraints as a matter of law when an applicant seeks relief from a penal code violation declared unconstitutional. [2]

Further, the convictions themselves constituted a governmental restraint on Gray. His First Amendment rights were violated in 2006 with his arrest and prosecution under a statute, which this Court said is "facially unconstitutional in violation of the freedom of speech guarantee of the First Amendment." *Thompson*, 2014 Tex. Crim. App. LEXIS 969 * 1. As long as those convictions remain, his First Amendment rights continue to be violated and his liberty restrained.

### B. The F&Cs are incorrect. This Court does not appear to require proof of continuing restraint when seeking habeas relief from convictions based on unconstitutional statutes.

In *Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014), the Court vacated a conviction under article 11.07 for violation of a statute

---

[2] *See, e.g.,* Tex. Ag. Code § 76.108 (felon barred from herbicide license); Tex. Alcoh. & Bev. Code §§ 11.46, 11.61, 25.06, 61.42, 61.43, 61.71, 61.74, 69.06 (felon barred from alcohol license); Tex. Bus. & Comm. Code § 51.161 (felon required to disclose for registration of business opportunity); Tex. Bus. Organ. Code § 11.301 (felon subject to termination of corporate entity); Tex. Civ. Prac. & Rem. Code § 145.003 (felon can trigger loss of non-negligent presumption of in-home service); Tex. Educ. Code § 22.084 (felon barred from school buses); § 22.085 (felon barred from school employment); § 56.404, 56.304 (drug felon barred from student financial aid or grants); Tex. Fam. Code § 6.004 (felon may lose marriage); Tex. Finance Code § 371.251 and Tex. Admin. Code Rule 7, § 85.601(c) (felon can be barred from pawn dealer license); Tex. Finance Code § 156.303(a)(4) (felon barred as loan originator); Tex. Occupations Code §§ 108.002, 164.153, 201.502, et seq. (long list of occupations barred to felons).

subsequently held unconstitutional (online solicitation of minor) without commenting on the need to prove continuing restraint following service and discharge of the sentence.

Judge Cochran elegantly explained that "a person may always obtain relief from an indictment or a conviction based on a penal statute that has been previously declared unconstitutional. He may obtain relief in a pretrial motion or writ; he may obtain relief on direct appeal; he may obtain relief in a habeas corpus proceeding, and it matters not whether he had ever previously objected to the statute or its application to him. The unconstitutional statute has disappeared in a puff of smoke. No one can be convicted for a non-existent crime and no prior conviction based upon that unconstitutional statute is valid." *Ex parte Chance*, 439 S.W.3d at 919 (Cochran, J., concurring); *see, e.g., Shohreh v. State*, 2014 Tex. App. LEXIS 12216 (Tex. App. – Dallas 2014, no pet.) (applying *Thompson* and dismissing section 21.15 conviction on direct appeal).

Although the applicant was in custody, *Chance* did not comment at all on the case cited by the State, and relied upon by the district court to deny relief, *Ex parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010), also written by Judge Cochran.

10

*Harrington* dealt with an altogether different situation, one in which Harrington was seeking article 11.07 relief on a claim of ineffective assistance of counsel. Unlike Gray, he was not asserting that he was convicted of a statute previously declared unconstitutional. That makes all the difference. The Court requires someone like Harrington, who had served his sentence, to prove that he remains under some continuing restraint or loss of liberty in order to satisfy article 11.07's confinement requirement. But for someone like Gray, who seeks ratification that his convictions disappeared with *Thompson* in "a puff of smoke," no such requirement is necessary.

Consequently, *Ex parte Chance* appears to end debate that Gray is required by article 11.07 to prove some *additional* restraint on his liberty when seeking to vacate his section 21.15 convictions in light of declaration in *Thompson* that the statute violates the First Amendment.

**C.  Gray also sought habeas relief under Article V, Section 8 of the Texas Constitution, a second source of jurisdiction.**

In *Ex parte Hargett,* 819 S.W.2d 866 (Tex. Crim. App. 1991), the Court found jurisdiction under Texas Constitution, article V, section 8,

which grants plenary writ authority to district courts.

Hargett filed an article 11.07, section 2 writ application, evidently on two claims: that the State breached the plea agreement and that he received ineffective assistance of counsel. This Court dismissed "because an applicant must be 'in custody' before an Art. 11.07 writ is properly before this Court." *Id.* at 867.

Hargett immediately "filed an amendment to his application to the trial court," sought habeas relief under Texas Constitution, article V, section 8, and "alleged continued restraint in the form of impairment of his right to military-retirement benefits." *Hargett*, 819 S.W.2d at 867.

This Court approved such an amendment procedure, commenting that Hargett's "decision to pursue post-conviction relief under Tex. Const., Art. V, § 8 in the district court overcame this obstacle." *Id.*

Gray followed the same procedure. When the State filed its response, challenging jurisdiction and lack of evidence of restraint, Gray amended his application and designated alternative jurisdiction of article V, section 8. *See* Gray Amend. Pet. (Jan. 15, 2015) (first page).

The signing of the F&Cs on January 12 did not cut off Gray's ability to amend his petition. He followed precisely the procedure

12

approved in *Hargett* of amending in the same cause number, alleging article V, section 8. Just as in *Hargett*, the district court did not issue the writ; instead the court instead denied an evidentiary hearing, expansion of the record, and relief. *Cf. Hargett*, 819 S.W.2d at 868; *see generally Villanueva v. State*, 252 S.W.3d 391 (Tex. Crim. App. 2008) (discussing interplay between article 11.072, article V, section 8 and appellate jurisdiction).

**IV.** **Alternatively, Gray moves for dismissal without prejudice to re-filing, or remand to consider affidavit and testimony.**

If the Court believes it is bound by the record before the signing of the F&Cs --- and we know of no precedent or rule that imposes such a restriction --- then Gray respectfully asks the Court to remand for a hearing on the application and affidavit, followed by F&Cs to address them. Alternatively, he asks the Court to dismiss the application entirely, without a ruling on the merits, and without prejudice to re-filing so he can re-file and attach the affidavit in a revised application.

To protect jurisdiction of his article V, section 8 amended application, Gray filed a notice of appeal with the district clerk February 11, the last day before expiration of the thirty-day appeal

13

period following the court's January 12 F&Cs and denial. In light of *Hargett*'s determination that courts of appeal possess jurisdiction over article V, section 8 habeas applications, Gray did not want to risk loss of appellate jurisdiction over that aspect of his application and bar to filing another one. Gray's notice of appeal does not deprive this Court of jurisdiction over his article 11.07 application.

## CONCLUSION

Donald Lee Gray has met his burden of proof for habeas relief.

1. He has proved that he was convicted of Texas felonies;

2. He has proved that he was convicted of a Penal Code statute held unconstitutional;

3. He satisfies the requirements of Texas Constitution, Article V, § 8, and Code of Criminal Procedure article 11.07.

4. He is not procedurally barred from relief.

## RELIEF

**WHEREFORE**, Gray respectfully asks that a writ of habeas corpus be issued to the Smith County 241st District Court and the Smith County District Clerk, ordering Mr. Gray's convictions vacated and his indictments dismissed. Mr. Gray prays for all other relief required by law or equity.

Respectfully submitted this 12 day of February 2015,

*/s/ James W. Volberding*

_____

**JAMES W. VOLBERDING**
SBN: 00786313

First Place
100 E. Ferguson Street
Suite 500
Tyler, Texas 75702
(903) 597-6622
(866) 398-6883 (fax)
*e-mail: jamesvolberding@gmail.com*

Counsel for Donald Lee Gray

## Certificate of Compliance

Pursuant to Rule 73.1(f), I hereby certify that this pleading contains 2,836 words, measured in MS Word for MAC version 14.3.6, from the statement of jurisdiction through the prayer.

*/s/ James W. Volberding*

_____

**JAMES W. VOLBERDING**

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading has been delivered this 12 day of February 2015 to:

Smith County District Attorney
101 N. Broadway, Fourth Floor
Tyler, TX 75702

by the following means:

| | |
|---|---|
| _____ | By U.S. Postal Service Certified Mail, R.R.R. |
| _____ | By First Class U.S. Mail |
| _____ | By Special Courier _____ |
| _X__ | By Hand Delivery |
| _____ | By Fax before 5 p.m. |
| _____ | By Fax after 5 p.m. |
| _____ | By Electronic Filing. |

/s/ James W. Volberding

_____
**JAMES W. VOLBERDING**